IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GEORGE WILSON,                :

    Plaintiff,            :

v.                            :  Civil Action No. GLR-17-1236

TELAGILITY CORP., et al.,     :

    Defendants.           :

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff George Wilson's Motion for Leave to File First Amended Complaint (ECF No. 32) and Defendant Adam Cole's Motion to Dismiss (ECF No. 24). The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2018). For the reasons outlined below, the Court will grant Wilson's Motion and grant Cole's Motion.

### I.  BACKGROUND[1]

In 2014 and 2015, Defendant TelAgility Corp. ("TelAgility") was seeking $500,000.00 in capital funds to start operations. (Compl. ¶¶ 5–6, ECF No. 1). In exchange for the capital funds, investors would receive common stock in the company. (Id.). Wilson learned of the opportunity to invest with TelAgility after speaking with Cole, who was on the company's Board of Directors and was also a 78% shareholder. (Id. ¶ 7; Compl. Ex. 5

---

[1] Unless otherwise noted, the Court describes facts taken from the Complaint (ECF No. 1) and accepts them as true. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

at 13, ECF No. 1-5).[2] After a conversation with Cole, Wilson "transmitted $200,000 to TelAgility," in four equal monthly installments from December 2015 to March 2016, in exchange for a 2% equity ownership interest in the company. (Compl. ¶ 7). In return for his investment, Cole promised Wilson investment paperwork, but Wilson only received an incomplete "Second Subscription Agreement and Second Private Placement Memorandum." (Id. ¶ 8).

On June 12, 2016, after failing to receive any documentation memorializing his investment, Wilson contacted board members Cole and Rob Dawson, as well as TelAgility's Operations Manager, Tiffaney Adams. (Id. ¶ 9). On July 19, 2016, Dawson responded to Wilson stating that he had instructed Cole to "prepare a document [outlining] the financial/business arrangement between TelAgility" and Wilson, and to have the documents reflect that Wilson "currently owns 2% of the company." (Id. ¶ 10; Compl. Ex. 7 at 1–2, ECF No. 1-7). On October 26, 2016, after Cole failed to provide Wilson with any recognition of his investment, Wilson sent a demand letter to Cole for the return of his $200,000.00. (Compl. ¶ 12; Compl. Ex. 8, ECF No. 1-8). TelAgility responded that the funds were to be "treated as a loan," but neither the documentation Wilson received, nor the conversations Wilson had with Cole, indicated that the transaction was a loan. (Compl. ¶ 13).

On May 5, 2017, Wilson sued TelAgility and Cole. (ECF No. 1). The four-count Complaint alleges: Breach of Oral Contract (Count I); Detrimental Reliance (Count II);

---

[2] Citations to Exhibit 5 to the Complaint refer to the pagination the Court's Case Management and Electronic Case Files ("CM/ECF") system assigned.

Fraudulent Misrepresentation (Count III); and Unjust Enrichment (Count IV). (Id. ¶¶ 15–32). Wilson seeks the repayment of his full investment, plus interest, costs, and reasonable attorneys' fees. (Id. at 6).

On June 14, 2017, Defendants filed an Answer. (ECF No. 11). On June 15, 2017, the Court issued a Scheduling Order. (ECF No. 13-1). Under the Scheduling Order, Wilson had until July 31, 2017 to amend his pleadings or add new parties. (Scheduling Order at 2, ECF No. 13-1).

On November 28, 2017, the parties participated in a mediation. One day before the mediation, Cole filed his Motion to Dismiss.[3] (ECF No. 24).[4] On January 5, 2018, the Court issued an Order staying this case. (Jan. 5, 2018 Mem., ECF No. 26). On July 2, 2018, the parties filed a Joint Status Report requesting that the stay be lifted and that Wilson be given sixty days to respond to Cole's Motion. (July 2, 2018 Ltr., ECF No. 28). On July 3, 2018, the Court lifted the stay and granted Wilson's request. (July 3, 2018 Order, ECF No. 29). Wilson filed an Opposition on August 31, 2018. (ECF No. 31). To date, the Court has no record that Cole filed a Reply.

---

[3] Because Defendants filed an Answer to the Complaint, the Court would typically construe Cole's Motion as a motion for judgment on the pleadings. See Fed.R.Civ.P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."). For the reasons discussed below, however, the Court will grant Wilson's Motion and construe Cole's Motion as a motion to dismiss the First Amended Complaint.

[4] On January 4, 2018, the Court granted Cole's Motion as unopposed and terminated Cole as a Defendant. (Jan. 4, 2018 Order, ECF No. 25). The Court then learned that the case was stayed at the November 28, 2017 mediation, and therefore Wilson did not file an Opposition to Cole's Motion. (Jan. 5, 2018 Mem., ECF No. 26). As a result, the Court vacated its Order granting Cole's Motion, reinstated Cole as a Defendant, and stayed the case. (Id.).

Also on August 31, 2018, Wilson filed a Motion for Leave to File First Amended Complaint. (ECF No. 32). Defendants filed an Opposition on September 14, 2018. (ECF No. 33). On September 21, 2018, Wilson filed a Reply. (ECF No. 34).[5]

## II.     DISCUSSION

**A.     <u>Motion for Leave to File First Amended Complaint</u>**

Wilson requests leave of the Court to amend his Complaint to add two counts: (1) Securities Fraud in Violation of 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5; and (2) Maryland Securities Fraud. (1st Am. Compl. ¶¶ 27–41, ECF No. 35-2). Wilson also adds factual allegations to support his new claims and adds Cole to his prayer for relief. (<u>Id.</u> ¶¶ 9–10, 19–26, at 13). Defendants make three arguments in favor of denying Wilson's Motion: (1) Wilson fails to demonstrate good cause under Federal Rule of Civil Procedure 16(b) for amending his Complaint; (2) Defendants would be prejudiced by the filing of the First Amended Complaint; and (3) the proposed amendments are futile as to Cole. The Court disagrees with Defendants.

If a plaintiff moves to amend his complaint after the scheduling order deadline for amendments has passed, "a tension exists" between Federal Rules of Civil Procedure 15(a) and 16(b). <u>Fid. & Guar. Life Ins. Co. v. United Advisory Grp., Inc.</u>, No. WDQ-13-0040, 2016 WL 158512, at *2 (D.Md. Jan. 12, 2016). Rule 15(a) provides that leave to amend "shall be freely given when justice so requires" absent bad faith, futility, or prejudice, <u>see</u>

---

[5] Also on September 21, 2018, Wilson filed a Line Regarding Corrected Amended Complaint. (ECF No. 35). In the Line, Wilson indicates that he attaches a Corrected Amended Complaint in which he adds Cole to his request for relief. (Line, ECF No. 35).

Edell & Assocs., P.C. v. Law Offices of Peter G. Angelos, 264 F.3d 424, 446 (4th Cir. 2001) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999)), while Rule 16(b) dictates that the Court will not modify a scheduling order without "a showing of good cause," Fed.R.Civ.P. 16(b). The United States Court of Appeals for the Fourth Circuit resolved this tension, holding that if the scheduling order deadline for amending pleadings has passed, the good cause standard governs. Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (collecting cases). As a result, a party moving for leave to amend his pleading must first establish good cause under Rule 16(b) before the Court will consider the Rule 15(a)(2) factors. Fid. & Guar. Life Ins. Co., 2016 WL 158512, at *2; Prowess, Inc. v. RaySearch Labs., AB, 953 F.Supp.2d 638, 648 (D.Md. 2013) (citing Nourison, 535 F.3d at 298).

**1.  Good Cause**

The good cause analysis under Rule 16(b)(4) is "less concerned with the substance of the proposed amendment" and focuses instead on "the timeliness of the amendment and the reasons for its tardy submission." Rassoull v. Maximus, Inc., 209 F.R.D. 372, 373–74 (D.Md. 2002). Indeed, "[t]he primary consideration of the Rule 16(b) 'good cause' standard is the diligence of the movant." Id. at 374. "Lack of diligence and carelessness are 'hallmarks of failure to meet the good cause standard.'" Id. (quoting W.Va. Hous. Dev. Fund v. Ocwen Tech. Xchange, Inc., 200 F.R.D. 564, 567 (S.D.W.Va. 2001)). If a party was not diligent in seeking to modify the scheduling order, "the inquiry should end." Id. (quoting Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D.W.Va. 1995)).

Good cause exists for amending a complaint after the scheduling order deadline when "at least some of the evidence needed for a plaintiff to prove his or her claim did not come to light until after the amendment deadline." Tawwaab v. Va. Linen Serv., Inc., 729 F.Supp.2d 757, 768 (D.Md. 2010); see also Prowess, 953 F.Supp.2d at 648 ("Rule 16(b) good cause exists when, inter alia, a party 'uncover[s] previously unknown facts during discovery that would support an additional cause of action.'" (alteration in original) (quoting Forstmann v. Culp, 114 F.R.D. 83, 86 n.1 (M.D.N.C. 1987)). The Court may consider the following factors when determining whether a party has established good cause: "danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith." Tawwaab, 729 F.Supp.2d at 768–69 (quoting Rothenberg v. Marriott Int'l, Inc., No. CCB-08-173, 2008 WL 687033, at *1 (D.Md. Feb. 29, 2008)).

Defendants argue that the Court should deny Wilson's Motion because he did not move to amend his Complaint until several months after the July 31, 2017 deadline for doing so and he has failed to make the threshold showing of good cause. Although Wilson moved to amend his Complaint more than a year after the Scheduling Order deadline for doing so had passed, Wilson establishes good cause for his delay for at least three reasons.

First, Wilson asserts that Defendants "withheld all financial records, including but not limited to profit and loss statements, income statements, balance statements, [and] audited and unaudited financial statements." (Reply Supp. Pl.'s Mot. Leave to File 1st Am. Compl. ["Pl.'s Reply"] ¶ 3, ECF No. 34). Indeed, the United States Magistrate Judge stayed this case "for the purpose of providing Defendants time to produce financial documentation

6

to [Wilson]" as discussed at the mediation. (July 2, 2018 Ltr. at 1). TelAgility purportedly received draft financial statements from its accountant on March 1, 2018, but the statements "contained numerous errors and otherwise were not in a form that could be shared with [Wilson]." (Id.). As of July 2, 2018, Wilson still had "not received [the financial] documentation." (Id.). Thus, as of the July 31, 2017 deadline to amend pleadings, Wilson did not have the information that provides the basis for his new claims.

Second, on October 11, 2017, Wilson sent Defendants a discovery request for "corporate books and records." (1st Am. Compl. ¶ 20). Defendants did not respond to this request until August 29, 2018, when they produced "what appear to be internally created balance sheets and profit and loss statements for 2016, 2017, and a partial profit and loss statement for 2018." (Id.). Wilson filed his Motion on August 31, 2018—two days later. Further, Defendants still have not provided Wilson with financial statements from TelAgility's accountant as discussed at the mediation. (Id. ¶ 26). The Court, therefore, cannot say that Wilson delayed in amending his Complaint when he promptly moved to do so after he received information that provides the basis for his new claims against Defendants. See Long v. Blair, No. 2:09-CV-00349, 2010 WL 1930220, at *4 (S.D.W.Va. May 12, 2010) (concluding that good cause existed where the plaintiff did not have an evidentiary basis for his new claims until after the deadline for amending his complaint and moved to amend immediately after the new evidence came to light).

Third, the Court finds Defendants' argument that Wilson "allowed the various Scheduling Order deadlines to pass without moving for any modification" unpersuasive. (Defs.' Opp'n Pl.'s Mot. Leave File 1st Am. Compl. ¶ 13, ECF No. 33). As noted above,

Wilson was not in a position to amend his Complaint until after Defendants were forthcoming with TelAgility's financial documents. Moreover, Wilson was not obligated to move for any modification of the Scheduling Order because this case was stayed pending receipt of financial documents from Defendants. On July 2, 2018, Wilson first learned that TelAgility received "draft financial statements" from its accountant on March 1, 2018. (1st Am. Compl. ¶ 23). That same day, Wilson advised the Court that he was investigating new claims and hoped to file an amended complaint within the next sixty days. (July 2, 2018 Ltr. at 1). Wilson also requested that the Court issue a new scheduling order if it grants his Motion. (Pl.'s Reply ¶ 9; Aug. 31, 2018 Ltr., ECF No. 30). Wilson, therefore, did not move to modify the Scheduling Order because this case was stayed, and once the stay was lifted he still did not have the information that provided the basis for his new claims. When Defendants finally produced some financial documentation, Wilson promptly moved for leave to amend and requested that the Court issue a new scheduling order. Thus, Wilson did not "allow" the Scheduling Order deadlines to pass. Rather, Wilson was unaware of any need to modify the Scheduling Order until Defendants produced some of TelAgility's financial documents.

In short, Wilson was diligent in moving to amend his Complaint when Defendants were finally forthcoming with TelAgility's financial information. Thus, the Court concludes that Wilson has established good cause for amending his Complaint after the Scheduling Order deadline passed. The Court next considers whether Wilson's amendments will prejudice Defendants and whether the amendments are futile.

## 2. Rule 15(a) Factors

Under Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend a complaint] when justice so requires." Fed.R.Civ.P. 15(a)(2). Although the Federal Rules of Civil Procedure favor granting leave to amend, the decision lies within the sound discretion of the district court. Medigen of Ky., Inc. v. Pub. Serv. Comm'n, 985 F.2d 164, 167–68 (4th Cir. 1993) (citing Nat'l Bank v. Pearson, 863 F.2d 322, 327 (4th Cir. 1988)). Leave to amend is properly denied when an amendment would prejudice the opposing party, the moving party has exhibited bad faith, or an amendment would be futile. Edell & Assocs., 264 F.3d at 446 (citing Edwards, 178 F.3d at 242). Defendants assert prejudice and futility as grounds for denying Wilson's Motion. Accordingly, the Court confines its analysis to these grounds.

### a. Prejudice

In determining whether an amendment is prejudicial, the Court considers the nature of the amendment and its timing. Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006). The further a case has progressed, the more likely it is that amendment will be prejudicial. Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc., 674 F.3d 369, 379 (quoting Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc., 576 F.3d 172, 193 (4th Cir. 2009)). "A common example of a prejudicial amendment is one that 'raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial.'" Laber, 438 F.3d at 427 (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 510 (4th Cir. 1986)). By contrast, an amendment is not prejudicial "if it merely adds an additional theory of recovery to the facts already pled and

9

is offered before any discovery has occurred." Id. (citing Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980)); see Kalos v. Law Offices of Eugene A. Seidel, P.A., No. 1:09CV833 (JCC), 2009 WL 4683551, at *3 (E.D.Va. Dec. 3, 2009) ("Because the trial date is not yet set and no discovery has been taken, the Court finds that allowing leave to amend the Amended Complaint would not be unduly prejudicial to Defendants."). Additionally, an amendment is not prejudicial if the plaintiff does not add new claims or parties. See Heavener v. Quicken Loans, Inc., No. 3:12-CV-68, 2013 WL 1314563, at *3 (N.D.W.Va. Mar. 26, 2013) ("Defendants will not be prejudiced by the amendments as Plaintiff has only added more facts to support his claim—he has not alleged new claims or added new parties.").

Wilson's First Amended Complaint is not prejudicial for at least two reasons. First, although the First Amended Complaint asserts two new claims—a federal securities claim and a Maryland securities claim—the Court has not set a trial date yet and, as Defendants themselves concede, they did not conduct any discovery before the October 30, 2017 discovery deadline.[6] Second, Defendants argue they will be prejudiced because they will not have the opportunity to conduct discovery. Wilson, however, avers that the First Amended Complaint "will require additional discovery practice" and he "does not oppose the entry of a new scheduling order to conduct further discovery on the newly added claims." (Pl.'s Reply ¶¶ 6, 9). Defendants' concerns related to prejudice would, therefore,

---

[6] Defendants state that they did not conduct any discovery because they believe Wilson could not satisfy his burden of proof.

be mitigated by the issuance of a new scheduling order. Thus, Wilson's amendments are not prejudicial.

### b. Futility

Leave to amend would be futile when an amended complaint could not survive a motion to dismiss for failure to state a claim. See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008). "Leave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." Johnson, 785 F.2d at 510 (citing Davis, 615 F.2d at 613); see TFFI Corp. v. Williams, No. DKC 13-1809, 2015 WL 5008708, at *2 (D.Md. Aug. 20, 2015) ("Although the viability of Plaintiff's claims will be tested by the anticipated dispositive motions, Plaintiff's motion for leave to amend alleges enough plausible facts against the remaining defendants to not be futile.").

Defendants contend that Wilson's proposed First Amended Complaint is futile as to Cole for the reasons asserted in Cole's Motion to Dismiss.[7] Cole does not, however, contend that Wilson's new claims against him for securities fraud under federal and state law are futile. Thus, Wilson's proposed amendments are not futile.[8]

---

[7] Defendants also contend that the amendments are futile as to Cole because the prayer for relief in the First Amended Complaint only includes TelAgility. Wilson subsequently filed a Line with the Court that attaches a corrected First Amended Complaint which remedies this deficiency. (See Line; 1st Am. Compl. at 13).

[8] To simplify the analysis, the Court narrowly construes futility as applying only to the proposed amendments, and not the First Amended Complaint as a whole. As discussed in detail below, the First Amended Complaint fails to address certain deficiencies Cole identified in his Motion to Dismiss. As a result, the Court will apply Cole's Motion to the First Amended Complaint and grant it.

In sum, the Court concludes that Wilson has established good cause to amend his Complaint even though the Scheduling Order's deadline for doing so has passed. The Court further concludes that Wilson's amendments are not prejudicial or futile. Accordingly, the Court will grant Wilson's Motion.

**B.      Cole's Motion to Dismiss**

1.      **Standard of Review**

The purpose of a Rule 12(b)(6) motion is to "test[ ] the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555). Though the plaintiff is not required to forecast evidence to prove the elements of the claim, the complaint must allege sufficient facts to establish each element. Goss v. Bank of America, N.A., 917 F.Supp.2d 445, 449 (D.Md. 2013) (quoting Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012)), aff'd sub nom. Goss v. Bank of America, NA, 546 F.App'x 165 (4th Cir. 2013).

In considering a Rule 12(b)(6) motion, a court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. Albright v. Oliver, 510 U.S. 266, 268 (1994); Lambeth v. Bd. of Comm'rs of Davidson Cty., 407 F.3d 266, 268 (4th Cir. 2005) (citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). But, the court need not accept unsupported or conclusory factual allegations devoid of any reference to actual events, United Black Firefighters v. Hirst, 604 F.2d 844, 847 (4th Cir. 1979), or legal conclusions couched as factual allegations, Iqbal, 556 U.S. at 678.

**2. Analysis**

Wilson maintains that because he "filed an Amended Complaint contemporaneously with this Opposition to [Cole's] Motion to Dismiss alleging new causes of action against Mr. Cole individually as well as TelAgility," "the Motion to Dismiss Mr. Cole from the original complaint is now moot as that complaint is of no further legal significance." (Pl.'s Opp'n at 1, ECF No. 31). The Court disagrees.

As a general rule, when a plaintiff files an amended complaint it moots any pending motions to dismiss because the original complaint is superseded. Venable v. Pritzker, No. GLR-13-1867, 2014 WL 2452705, at *5 (D.Md. May 30, 2014), aff'd, 610 F.App'x 341 (4th Cir. 2015); see Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc., 555 U.S. 438, 456 n.4 (2009) ("Normally, an amended complaint supersedes the original complaint."). Under certain circumstances, however, the Court does not require a defendant to file a new motion to dismiss. Buechler v. Your Wine & Spirit Shoppe, Inc., 846 F.Supp.2d 406, 415 (D.Md. 2012) (quoting 6 Charles Alan Wright et al., Federal Practice & Procedure § 1476 (3d ed.

13

2010)). For example, "[i]f some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." Id. Indeed, "[t]o hold otherwise would be to exalt form over substance." Id. Here, because the First Amended Complaint simply adds two new causes of action—it does not amend the claims in the Original Complaint—the Court construes Cole's Motion as applying to the First Amended Complaint.

Cole makes two arguments in favor of dismissal: (1) Wilson fails to state breach of oral contract, detrimental reliance, fraudulent misrepresentation, and unjust enrichment claims against Cole; and (2) Wilson fails to assert a cause of action against Cole in his individual capacity. The Court agrees.

With regard to the breach of oral contract claim, Cole submits that the Count does not mention him by name, and therefore it fails to state a claim against him. Here, the First Amended Complaint expressly alleges that "TelAgility entered into an oral agreement" with Wilson, "TelAgility has breached that oral agreement," and "TelAgility's breach of the oral agreement" damaged Wilson. (1st Am. Compl. ¶¶ 43, 45–46). In short, Wilson's breach of oral contract claim makes no mention of Cole, and therefore fails to state a claim against him.

Cole next contends that the detrimental reliance claim fails to allege any promises made by Cole. The factual allegations state that "[a]ll of Mr. Wilson's conversations concerning the investment as well as promises about how the investment would be handled came from Mr. Cole" and Cole told him that "for a $200,000 investment he would receive a 2% ownership interest in TelAgility." (Id. ¶ 10). In the Count itself, however, Wilson

pleads that "TelAgility made a clear and definite promise." (Id. ¶ 48) (emphasis added). Wilson further alleges that "Defendant reasonably expected that the offer of a 2% equity ownership interest would induce [Wilson] into transmitting the $200,000." (Id. ¶ 49). Wilson does not, however, specify which Defendant, and because he alleges that TelAgility made a promise in the preceding paragraph, it is reasonable to infer that he meant TelAgility. As a result, Wilson fails to state a detrimental reliance claim against Cole.

The First Amended Complaint's fraudulent misrepresentation claim is similarly devoid of allegations against Cole. Wilson alleges that "TelAgility falsely represented" to him that "it would transfer a 2% ownership interest in it in exchange for a $200,000 investment," "Defendant made this representation recklessly," and that Wilson "justifiably relied on Defendant's representations." (Id. ¶¶ 52–54). In other words, Wilson brings the fraudulent misrepresentation Count against TelAgility, not Cole. Thus, the First Amended Complaint does not state a fraudulent misrepresentation claim against Cole.

Wilson also employs the singular "Defendant" and the pronoun "it" in his unjust enrichment Count, indicating that the Defendant against which he brings the Count is TelAgility. (See id. ¶¶ 56–57). Specifically, Wilson alleges that he "conferred a benefit on Defendant" when he sent TelAgility $200,000 "in reliance upon Defendant's oral agreement" and that "Defendant knew and appreciated this benefit as it was seeking capital infusions in its efforts to get its company up and running." (Id.). The unjust enrichment Count does not mention Cole. Consequently, Wilson does not state an unjust enrichment claim against Cole.

Further, Wilson does not lodge any of these claims against Cole in his individual capacity. Rather, Wilson alleges that Cole "was and is a member of the Board of Directors of TelAgility," and that "he was soliciting investments for TelAgility." (Id. ¶ 9). Thus, to the extent Wilson seeks to bring Counts III–VI against Cole in his personal capacity, those claims fail.

In sum, the Court concludes that the First Amended Complaint fails to state breach of oral contract, detrimental reliance, fraudulent misrepresentation, and unjust enrichment claims against Cole. Accordingly, the Court will grant Cole's Motion and dismiss Counts III–VI against him.

### III. CONCLUSION

For the foregoing reasons, the Court will grant Wilson's Motion for Leave to File First Amended Complaint (ECF No. 32) and Cole's Motion to Dismiss (ECF No. 24). A separate Order follows.

Entered this 7th day of June, 2019.

/s/
George L. Russell, III
United States District Judge